*Von Trapp v. Campbell Revocable Trust*, No. 634-10-14 Wncv (Teachout, J., Feb. 16, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                   **CIVIL DIVISION**
**Washington Unit**                                    **Docket No. 634-10-14 Wncv**

**BERNHARDT VON TRAPP**
    **Plaintiff**

    **v.**

**HUGH D. CAMPBELL REVOCABLE TRUST, et al.**
    **Defendants**

## DECISION
### Ms. Hoyt's Motion to Amend Order

This case has become exceptionally confusing, leading to Defendant Susan T. Hoyt's "motion to amend order," by which she seeks reconsideration of her interpretation of the effect of the court's December 26, 2017 denial of Plaintiff Berhardt Von Trapp's motion to amend the complaint. A chronological review of the proceedings follows in an attempt to clarify the confusion.

Bernhardt Von Trapp is the sole plaintiff in this case. In the complaint and amended complaint, he sought a declaration that a particular route (ROW 1) over his property belonged to him alone and not the many named defendants who did or might claim an interest in it. He indicated that one of those interested parties was about to sell their own property and he wanted to ensure that sale carried with it no confusion about rights to ROW 1.

One of the named defendants was Susan T. Hoyt, Mr. Von Trapp's ex-wife. In fact, Ms. Hoyt claimed no interest in ROW 1. She counterclaimed, however, asserting that a separate route over her property (ROW 2) belongs exclusively to her and Mr. Von Trapp has no lawful interest in it. There was no explanation in the counterclaim of why such a declaration was desired or needed.

In response to the counterclaim, Mr. Von Trapp amended his complaint once again. In the second amended complaint, he essentially alleged that he has a prescriptive easement over ROW 2 because he used ROW 2 for many years without objection. While including that allegation, he did not clearly assert an additional claim for declaratory relief on ROW 2.

The case progressed to a summary judgment motion filed by Mr. Von Trapp addressing both ROW 1 and ROW 2. Ms. Hoyt opposed summary judgment on ROW 2. She supported summary judgment on ROW 1 in Mr. Von Trapp's favor. A determination in favor of the other defendants on ROW 1 apparently would have given them a right of way over her land as well. A cross-motion for summary judgment was filed by one of the defendants interested in ROW 1.

During the briefing of the motions, it became clear that the controversy over ROW 2 was a he said/she said dispute. It was not appropriate for summary judgment. On that basis, Mr. Von Trapp withdrew his summary judgment motion as to ROW 2.

The court (Tomasi, J.) then granted summary judgment to Mr. Von Trapp on the ROW 1 matter. It stated in a footnote that the ROW 2 matter had been withdrawn from consideration on summary judgment. That decision was filed on May 1, 2016. Reconsideration was denied on July 25, 2016. No final judgment was entered and none of the defendants interested in ROW 1 took steps to appeal or do anything else.

At this point, the case was reduced to Ms. Hoyt's counterclaim against Mr. Von Trapp regarding ROW 2. Proceedings with regard to ROW did not resume, however.

Inexplicably, well over a year went by and, so far as the record goes, neither Ms. Hoyt nor Mr. Von Trapp nor the court took any action whatsoever. Though no final judgment order had been filed, the protracted inactivity led the court to believe that the May 1, 2016 summary judgment decision had left no issues to resolve and this case was over. See V.R.A.P. 4(e)(1)(B) (final judgment effective after 150 days if not otherwise formally entered).

On September 1, 2017, Mr. Von Trapp disturbed the silence by filing a motion to amend the complaint a third time. The proposed amendment apparently was intended to withdraw the allegation of a prescriptive easement over ROW 2 and to replace it with the allegation that Mr. Von Trapp has a right to use ROW 2 as a former town highway. The proposed amendment again did not appear calculated to seek declaratory relief to that effect.

Ms. Hoyt was opposed to the new legal theory in the proposed amendment.

The proposed amendment was puzzling to the court because this case had appeared to be long into a post-judgment phase. No one had ever appealed, and no motion to reopen had been filed. At a status conference, the court expressly stated that the summary judgment decision appeared to have ended the case and referred the parties to appellate rule 4(e)(1)(B). Neither party clarified that, from their perspective, the case was over as to ROW 1 but not over as to ROW 2. Nor did either party offer to account for the highly unusual protracted inactivity if they had considered ROW 2 to remain in issue.

Instead, the parties shifted focus to their, at the time, ongoing promising settlement negotiations. With some reluctance, the court agreed to not rule on the motion to amend for a short time to accommodate the parties' settlement negotiations. Presumably, had they settled, they could have done so under this docket number without having to file a new case.

In any event, no settlement stipulation ever came in. The court denied the motion to amend in an entry, again stating that "[t]his is a closed case pursuant to VRAP [4(e)(1)(B)]."

Ms. Hoyt then filed her "Motion to Amend Order." Her point appears to be that the dispute over ROW 2 remains in the case so it should not be "closed." She also represents that Mr. Von Trapp has admitted that he has no basis for a prescriptive easement. Now that the

2

former town highway issue is out of the case, she explains, she will file a summary judgment motion as to ROW 2 as soon as the court un-closes this case, and then it will be over. Mr. Von Trapp has not objected to Ms. Hoyt's characterization of his admission that he has no prescriptive easement claim, and has filed nothing in response to Ms. Hoyt's reconsideration motion.

Neither party has ever explained the protracted period of inactivity leading up to Mr. Von Trapp's motion to amend, or why neither party explained to the court at the status conference following the filing of that motion that the parties believed the case remained in a pre-judgment phase.

Ms. Hoyt's motion is denied for another reason, however. No allegations in her counterclaim regarding ROW 2 give any clue that there actually exists some controversy between her and Mr. Von Trapp as to ROW 2. Mr. Von Trapp stepped into that void to assert a prescriptive easement over ROW 2 in his second amended complaint. In his proposed third amended complaint, he sought to withdraw that allegation. The court denied that motion, but Ms. Hoyt now clearly asserts, without objection, that Mr. Von Trapp has admitted that he has no prescriptive easement over ROW 2.

There appears to be no controversy between Ms. Hoyt and Mr. Von Trapp with regard to any prescriptive easement over ROW 2. See *Roy H.A. Watson III v. The Village at Northshore I Ass'n, Inc.*, 2018 VT 8, ¶ 66, 2018 WL 797581 (explaining that an actual justiciable controversy must exist to enable the court to award declaratory relief). Where there is no controversy, there can be no declaratory judgment.

ORDER

For the foregoing reasons, Ms. Hoyt's motion to amend order is *denied*. The case is closed.

Dated at Montpelier, Vermont this _____ day of February 2018.

_____
Mary Miles Teachout
Superior Judge